OLIVER TOWNSEND, APPELLANT, v. WILLIAM LAMB ET AL., APPELLEES.

**Precinct Bonds.** A proposition for precinct bonds to a railroad company provided that they should be issued " when said road shall be graded, tied, and ironed, and completed ready for the running of trains, and trains running thereon, etc., on or before the 1st day of January, 1880," *Held*, That the company, on compliance with these conditions within the time specified, was entitled to the bonds.

APPEAL from Gage county.   Tried below before WEAVER, J.

*O. P. Mason*, for appellant, cited: *Jackson Co. v. Brush*, 77 Ill., 59.   *Amherst Academy v. Cowles*, 6 Pick., 427. *Church in Hanson v. Stetson*, 5 Pick., 506.   *Hill v. Buckminster*, 5 Pick., 591.

*A. J. Poppleton*, for appellees, cited: *R. R. Co. v. Nodaway county*, 48 Mo., 339.   *Chamberlain v. R. R. Co.*, 15 Ohio State, 225.

MAXWELL, J.

This is an action brought by the plaintiff for himself and all other taxpayers of Beatrice precinct, in Gage county, to restrain the issuing of $20,000 of the bonds of said precinct to the Omaha & Republican Valley railroad com-

pany. On the trial of the cause in the court below, judgment was rendered in favor of the defendants, and the action dismissed. The plaintiff appeals to this court.

It appears from the record that in July, 1879, the county commissioners of Gage county submitted to the electors of Beatrice precinct the question of issuing precinct bonds to the amount of $20,000, to the Omaha & Republican Valley railroad company, "to aid in the construction of a railroad connecting with the St. Joseph & Western railroad, from the south line of said Gage county, in a northerly direction via the town of Blue Springs and Beatrice to the north line of said county of Gage, and through said Beatrice precinct. Said bonds to be issued in sums of one thousand dollars each, to be made payable to bearer, to be dated on the first day of January, A.D. 1880, and to become due twenty years from the date thereof, with annual interest at the rate of eight per cent per annum, payable annually on the first day of January of each year, upon interest coupons thereto attached; both interest and principal to be payable at the fiscal agency of the state of Nebraska in the city of New York; and shall the said county commissioners of the said county of Gage cause to be levied on the taxable property of the said precinct, in said county and state, a tax annually, sufficient for the payment of the interest on said coupon bonds as it becomes due, and after ten years from the date of said bond, shall said county commissioners of said Gage county cause to be levied, in addition to all other taxes on the taxable property of said precinct, an amount of taxes sufficient to create a sinking fund for the payment at maturity of the principal of said bonds; and shall the said taxes be continued from year to year, until the said bonds are fully paid; *Provided*, that said precinct shall only be liable to pay interest on said bonds from the time that said railroad company shall become entitled to receive the same, as hereinafter provided; *And provided further*, that the said bonds shall be issued

to said railroad company when said road, shall be graded, tied, and ironed, and completed ready for the running of trains, and trains running thereon, from a point on the St. Joseph & Western railroad, south of the county of Gage, *via* the town of Blue Springs to the town of Beatrice, in said Beatrice precinct, on or before the first day of January, 1880. Said railroad when completed shall be of uniform gauge with the Union Pacific railroad, and shall be maintained and operated as a first-class railroad, with a passenger and freight depot at said town of Beatrice, which passenger and freight depot shall be located at some point where Fifth street crosses Court street in the city of Beatrice."

The proposition was adopted, and the road was built and trains were running thereon before January 1st, 1880, The road, however, was not as well ballasted as are older roads, nor does it appear that it is practicable to so ballast a new road; but trains have been running thereon ever since, and so far as appears there has been no interruption in the carriage of either passengers or freight, and there is no claim that the road has not been maintained in as good condition as required in the proposition. There seems to have been a substantial compliance on the part of the railroad company with the terms of the proposition.

The principal objection made by the attorney for the plaintiff is that the terms of the proposition required the company to erect a passenger and freight depot in the town of Beatrice on or before the 1st day of January, 1880, and as they failed to erect such building within the time specified they are not entitled to the bonds in question. It will be observed that the proposition is that "said bonds shall be issued to said railroad company when said road shall be graded, tied, ironed, and completed ready for the running of trains, and trains running thereon, etc., on or before the 1st day of January, 1880." That is, the road was to be constructed ready for the running of trains, and

trains running thereon on or before the 1st day of January, 1880. If this was accomplished within the time specified the company was to receive the bonds. The provision as to the erection of the depot is in another sentence, and is in the nature of a covenant or agreement that the company will erect a depot within certain specified limits, and will maintain and operate the road as a first-class road, of uniform gauge with the Union Pacific railroad; but the erection of a depot prior to the 1st of January, 1880, was not required to entitle the company to the bonds in question. The judgment of the district court is clearly right, and is affirmed.

JUDGMENT AFFIRMED.